IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RICHARD REED, et al.,

                Plaintiffs,

v.                                            CIVIL ACTION NO.  2:10-cv-00404

MYLAN, INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404 [Docket 20].  The Motion is **GRANTED**.  The court **ORDERS** that this case be transferred to the Southern District of Ohio.

**I. Background**

This case presents an issue this court recently addressed by this court in nearly identical litigation.  See *Urich v. Mylan,* No. 2:10-cv-330 (S.D. W. Va. August 23, 2010); *Sanner v. Mylan*, No. 2:10-cv-166 (S.D. W. Va. August 19, 2010); *Arnett v. Mylan*, No. 2:10-cv-114 (S.D. W. Va. August 13, 2010); *Gardner v. Mylan*, No. 2:09-cv-1289 (S.D. W. Va. June 24, 2010); *Leonard v. Mylan*, No. 2:09-cv-1160 (S.D. W. Va. June 21, 2010).  In those cases, these same defendants sought a 28 U.S.C. § 1404(a) transfer, which I granted.  The transfer issues in this case are indistinguishable from those in *Urich, Sanner*, *Arnett*, *Gardner*, and *Leonard*. Transfer is therefore warranted.

A. *Facts*

According to the Complaint, the plaintiff, Richard Reed, is the surviving spouse and representative of the estate of Jo Ann Reed.  He claims Ms. Reed died of fentanyl overdose while using a Mylan Fentanyl Transdermal System patch (the "patch") prescribed by her doctor.  The patch administers the pain drug fentanyl through the skin.

Mr. Reed resides in, Piqua, Ohio which is located in the Southern District of Ohio.  Ms. Reed was prescribed the patch by her physician in Dayton, Ohio, filled her prescription in Ohio, and subsequently died at her residence in Piqua, Ohio.

B. *Procedural History*

Mr. Reed, representing his wife's estate and all of her wrongful-death beneficiaries, has sued the patch manufacturers for wrongfully causing Ms. Reed's death.  He has asserted claims for strict products liability, negligence, negligent misrepresentation, and breach of warranty.   He also alleges the defendants were wanton, willful, and reckless.

The defendants filed the motion to transfer on August 24, 2010.

**II.  Standard**

The defendants seek transfer pursuant to 28 U.S.C. § 1404(a).  That statute authorizes a district court to transfer a case to another judicial district "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C.  § 1404(a).

In deciding whether to transfer a case under § 1404(a), a court must first determine whether the action "might have been brought" in the transferee district.  If so, then the court should consider several private- and public-interest factors: the ease of access to evidence; the

convenience of the parties and witnesses; the cost of obtaining the attendance of witnesses; the availability of compulsory process; the possibility of a view; the interest in having local controversies decided at home; and the overriding interests of justice. *Vass v. Volvo Trucks, N. Am., Inc.*, 304 F. Supp. 2d 851, 857 (S.D. W. Va. 2004). The party seeking transfer carries the burden of showing that the current venue is inconvenient. *N.Y. Marine & Gen. Ins. Co. V. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010). The plaintiff's choice of forum is accorded great weight. *Piper Aircraft Co. V. Reyno*, 454 U.S. 235, 255 (1981).

**III. Discussion**

Considering the § 1404(a) factors, this case should be tried in the Southern District of Ohio, not the Southern District of West Virginia. First, this case could have originally been brought there, as subject-matter and personal jurisdiction, as well as venue, are all proper in that district. Second, the private- and public-interest factors favor transfer. Regarding the private-interest factors, all relevant facts in this case occurred outside West Virginia. The majority of witnesses — witnesses such as law enforcement officers, medical examiners and toxicologists, as well as Ms. Reed's medical providers — are in Ohio. Evidence regarding Ms. Reed's medical history and the circumstances surrounding his death will be found in Ohio as well. Conversely, no evidence will be found in the Southern District of West Virginia. Because the majority of witnesses are located in Ohio, the Southern District of Ohio would be a more convenient forum.

As for the public-interest factors, Ohio has a strong interest in having this case litigated locally. Ohio's interests include having one of its citizen's rights vindicated, as well as

protecting its other citizens from potentially harmful pharmaceutical drugs. Conversely, West Virginia's interests in this case are few, if it has any interests at all.

Justice is best served by having this case proceed in the Southern District of Ohio. The plaintiff's choice of forum is substantially outweighed by the fact that absolutely no facts of significance in this case occurred in this district. Transfer is necessary to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

**IV. Conclusion**

For the forgoing reasons, the Motion to Transfer [Docket 20] is **GRANTED**. This case shall be **TRANSFERRED** to the United States District Court for Southern District of Ohio. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 13, 2010

_Joseph R. Goodwin_
Joseph R. Goodwin, Chief Judge